# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Riley S. Kuntz, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Department of Justice, | ) | Case No. 1:19-cv-070 |
| | ) | |
| Defendant. | ) | |

Plaintiff initiated the above-entitled action by complaint on April 22, 2019, asserting what, for the sake of simplicity, can be characterized as FOIA and non-FOIA claims. On May 21, 2019, the Government filed a Motion to Set Time to Answer or Otherwise Respond. Advising that it had been served with the complaint on May 1, 2019, it sought the court's assistance in determining when its answer was due.

On May 23, 2019, plaintiff filed an amended complaint. Taking notice of the fact that plaintiff had filed an amended complaint, the court that same day issued an order granting the Government's motion insofar as it asked for a date certain by which to file an answer and directed the Government to file its answer by June 24, 2019, which is approximately thirty days from the date on which plaintiff filed his amended complaint.

On May 28, 2019, plaintiff filed an objection to the court's order along with a response in opposition to the Government's motion. He asserts that the court erred, to wit: it granted the Government's motion before his deadline for filing a response to it had lapsed and unfairly extended the Government's deadline for filing an answer.

Plaintiff's objections are specious. As plaintiff's amended complaint is the operative pleading, the Government's deadline for filing an answer is calculated form the date on which it was

filed.

Rule 12(a)(2) of the Federal Rules of Civil Procedure provides that the Government and its agencies must generally serve an answer to a complaint with <u>sixty days</u> after service on the United States Attorney. Fed. R. Civ. P. 12(a)(2). However, in a FOIA case, statute directs that the "defendant shall serve an answer or otherwise plead to any complaint . . . within <u>thirty days</u> after service upon the defendant of the pleadings in which such complaint is made, unless the court otherwise directs for good cause shown." 5 U.S.C. § 552(a)(4)(C) (emphasis added).

For the sake of expediency and clarity, the court issued its order granting the Government's motion insofar as it had requested the court to set a date by which to file an answer. However, in so doing, it directed the Government to file an answer by June 24, 2019, or approximately thirty days from the date on which plaintiff filed his amended complaint. Thus, as a practical matter, it has not granted the Government any additional time to which may be arguably entitled under Rule 12(a)(2).

Insofar as plaintiff's objection (Doc. No. 11) could be construed as a request for reconsideration of the court's order, it is **DENIED**.

Dated this 3rd day of June, 2019.

*/s/Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court
